FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

APR 15 2016

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KRISTEN STIFFLER,

Plaintiff,

v.

FIDELITY NATIONAL MANAGEMENT SERVICES, LLC,

Defendant.

Case No. 8:14-cv-231

**ORDER ON FINAL PRETRIAL CONFERENCE**

A final pretrial conference was held on the 15th day of April, 2016. Appearing for the parties as counsel were:

Terry A. White
Carlson Burnett LLP
17525 Arbor Street
Omaha, NE 68130
On behalf of Plaintiff Kristen Stiffler ("Plaintiff")

Gillian G. O'Hara
Robert M. Slovek
Kutak Rock, LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102
On behalf of Defendant Fidelity National Management Services, LLC ("Defendant")

**(A) Exhibits.** See attached Exhibit List.

Caution: Upon express approval of the judge holding the pretrial conference for good cause shown, the parties may be authorized to defer listing of exhibits or objections until a later date to be specified by the judge holding the pretrial conference. The mere listing of an exhibit on an exhibit list by a party does not mean it can be offered into evidence by the adverse party without all necessary evidentiary prerequisites being met.

**(B) Uncontroverted Facts.** The parties have agreed that the following may be accepted as established facts for purposes of this case only:

1. The Court has jurisdiction over the claims asserted by Plaintiff.

2. Venue is proper in the District of Nebraska.





3. Plaintiff's maiden name is Prybella and her married name is Stiffler.

4. Plaintiff is a member of a protected class pursuant to Title VII of the Civil Rights Act of 1964.

5. Plaintiff was an at-will employee of Defendant from October 26, 2009 to May 1, 2013.

6. Plaintiff worked as an associate claims counsel on the Great Lakes West team from October 1, 2012 to May 1, 2013.

7. Plaintiff's only maternity leave while employed by Defendant began October 26, 2012.

8. Plaintiff requested permission to work from home between two and four hours per day, five days per week, while on maternity leave starting December 17, 2012.

9. Defendant approved Plaintiff's request to work part time from home.

10. Plaintiff never requested the ability to work from home full time while on maternity leave.

11. Plaintiff returned to the workplace part time on January 21, 2013.

12. Plaintiff returned to the workplace full time on January 28, 2013.

13. Plaintiff's employment was terminated by the Managing Counsel of the Great Lakes team, Kayla VanCannon, on May 1, 2013.

14. Ms. VanCannon was on maternity leave herself at the time she terminated Plaintiff's employment.

15. Plaintiff did not inform Ms. VanCannon of being pregnant a second time before her employment was terminated on May 1, 2013.

16. Plaintiff filed a charge of discrimination with the Nebraska Equal Opportunity Commission and the U.S. Equal Employment Opportunity Commission on July 16, 2013.

17. On May 13, 2014, the Nebraska Equal Opportunity Commission issued a Commission Determination, finding in Defendant's favor that there was no reasonable cause to support a finding of discrimination.

18. On July 7, 2014, the U.S. Equal Employment Opportunity Commission issued a Notice of Right to Sue. This lawsuit was filed within 90 days of said Notice.

19. Defendant maintained the following policies in its Employee Handbook during Plaintiff's employment: Employment At-Will Policy, Policy Against Harassment and Discrimination, and General Policy and Standards of Conduct.

20. Plaintiff acknowledged receipt of Defendant's Employee Handbook.

21. Plaintiff and Defendant stipulate that there is no element of damages related to lost vacation pay.

22. Plaintiff and Defendant stipulate that Fidelity's emails of regularly conducted activity are an exception to rule against hearsay.

**(C) Controverted and Unresolved Issues.** The issues remaining to be determined and unresolved matters for the court's attention are:

1. Whether Plaintiff can establish a prima facie case of sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, by showing:

    a. Plaintiff was a member of a protected group;
    b. Plaintiff was qualified for her position;
    c. Plaintiff suffered an adverse employment action; and
    d. Plaintiff suffered an adverse employment action under circumstances which give rise to an inference of unlawful discrimination.

2. Whether Plaintiff can establish a prima facie case of pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, by showing:

    a. Plaintiff was a member of a protected group;
    b. Plaintiff was qualified for her position;
    c. Plaintiff suffered an adverse employment action; and
    d. Plaintiff was treated differently than similarly situated non-pregnant employees in the application of work or disciplinary rules.

3. If Plaintiff can establish a prima facie case, whether Defendant has articulated a legitimate, nondiscriminatory reason for terminating Plaintiff's employment due to her substandard performance. [Plaintiff objects to the word "substandard."] Overruled.

4. If Defendant has articulated a legitimate, nondiscriminatory reason for terminating Plaintiff's employment, whether the articulated reason was pretextual.

5. Whether Defendant is entitled to judgment as a matter of law on Plaintiff's claims because Plaintiff cannot offer evidence upon which relief may be granted.

6. Whether Plaintiff suffered any damages as a result of the alleged sex discrimination and pregnancy discrimination, and, if so, the nature and extent of those damages.

7. Whether Plaintiff's claim for punitive damages is barred as a matter of law under Nebraska law and under Title VII because the alleged acts or omissions of Defendant fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious, reckless or fraudulent intent to deny Plaintiff her legal rights under Title VII, and were not so wanton and willful as to support an award of punitive damages.

8. Whether Defendant exercised reasonable care and made good faith efforts to comply with all laws prohibiting discrimination, ~~and punitive damages are not recoverable on Plaintiff's claim such that Plaintiff cannot recover punitive damages under Title VII.~~ [Plaintiff objects to the inclusion of portion of this issue following the comma above.] sustained

9. Whether Plaintiff's claim is barred, in whole or in part, by the doctrine of waiver.

10. Whether Plaintiff's claim is barred, in whole or in part, by the doctrine of estoppel.

11. Whether Plaintiff has failed to mitigate her alleged damages.

12. Whether any damages alleged by Plaintiff may be subject to offset by subsequent income she has received.

13. Whether Plaintiff is entitled to front pay under the factors considered by relevant authority.

14. Whether Plaintiff has failed to establish any claim for lost benefits where Plaintiff waived her benefits elections.

15. Whether Plaintiff has failed to establish any claim for out-of-pocket expenses for mental health and counseling treatment.

16. Whether any damages alleged by Plaintiff are limited by 42 U.S.C. §1981a.

17. Whether Plaintiff's claims are barred because Defendant would have made the same business decision to terminate Plaintiff's employment regardless of any alleged discrimination.

18. Whether Plaintiff's alleged damages were caused by sources other than any claimed discrimination by Defendant during Plaintiff's employment, including Plaintiff's own conduct.





19. Whether Ms. VanCannon was pregnant at the same time Plaintiff was pregnant.

20. Whether Plaintiff did not inform anyone in management or human resources that she believed she had been discriminated against during her employment at Defendant.

21. Whether Pl's opinions regarding her own performance are relevant and admissible. To be addressed in trial briefs.

[List all legal issues remaining to be determined, setting out in detail each element of the claim or defense which is genuinely controverted (including issues on the merits and issues of jurisdiction, venue, joinder, validity of appointment of a representative of a party, class action, substitution of parties, attorney's fee and applicable law under which it is claimed, and prejudgment interest). Specify any special damages or permanent injuries claimed. In any negligence action, specify elements of negligence and contributory negligence, if any. Any other unresolved matters requiring the court's attention, such as possible consolidation for trial, bifurcated trials on specified issues, and pending motions, shall also be listed.]

1. Defendant's pending Motion in Limine, filed April 8, 2016 (Doc. 59, 60).

**(D) Witnesses.** All witnesses, including rebuttal witnesses, expected to be called to testify by plaintiff, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

Will Call (WC) 1. Kristen Stiffler, c/o Plaintiff's Counsel — Omaha, NE

WC 2. Owen Girard, c/o Defendant's Counsel — Omaha, NE

WC 3. David Saag, c/o Defendant's Counsel — ~~Omaha~~ Jacksonville, FL

WC 4. Kayla VanCannon, c/o Defendant's Counsel — Omaha, NE

WC 5. Melinda Schroeder Hash, c/o Defendant's Counsel — Columbus, NE

W/C 6. Sydney Sefick, c/o Defendant's Counsel — Omaha, NE

~~W/C 7. Suni Snyder, c/o Defendant's Counsel — Jacksonville, FL~~

[Defendant will only agree to secure attendance of the witnesses it lists below for its own case in chief. Defendant does not agree to procure witness attendance for Plaintiff's case in chief.]

**May Call:**

1. Bradley Marsicek
   c/o Defendant's Counsel

2. Gail Jones
   c/o Defendant's Counsel

3. Jeanne Glasford
   c/o Defendant's Counsel

4. Scott Vogt
   c/o Defendant's Counsel

   Omaha, NE

5. Kristine Kohlmeier
   c/o Defendant's Counsel

Plaintiff reserves the right to call any witness identified by Defendant and the right to call any witness necessary for rebuttal.

[Defendant will only agree to secure attendance of the witnesses it lists below for its own case in chief. Defendant does not agree to procure witness attendance for Plaintiff's case in chief.]

All witnesses expected to be called to testify by Defendant, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

w/c

1. Kristen Stiffler
   Omaha, NE

2. Kayla VanCannon
   Omaha, NE

3. Melinda Schroeder Hash
   Columbus, NE

4. Sydney Sefick
   Omaha, NE

5. Tiffany Beaty
   Omaha, NE

6. Tabitha Campbell
   Omaha, NE

7. Holly Vaughn
   Omaha, NE

w/c



880 [illegible]

w/c 8. Elizabeth Skinner
Omaha, NE

w/c 9. David Saag
~~Elkhorn, NE~~ Jacksonville, FL

Defendant reserves the right to call any witness identified by Plaintiff and the right to call any witness necessary for rebuttal.

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment. A witness whose only testimony is intended to establish foundation for an exhibit for which foundation has not been waived shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other party.

**(E) Expert Witnesses' Qualifications.** Experts to be called by plaintiff and their qualifications are:

Plaintiff will not call an expert witness in this case.

Experts to be called by defendant and their qualifications are:

Defendants will not call an expert witness in this case.

**(F) Voir Dire.** Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.2(a) and suggest the following with regard to the conduct of juror examination:

Examination by counsel followed by examination by the Court, if necessary.

**(G) Number of Jurors.** Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1 and suggest that this matter be tried to a jury composed of [12] members.

**(H) Verdict.** The parties [will not] stipulate to a less-than-unanimous verdict. (If applicable), the parties' stipulation is: N/A.

**(I) Briefs, Instructions, and Proposed Findings.** Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable:

[State any special requests. Unless otherwise ordered, trial briefs, proposed jury instructions, and ~~proposed findings of fact~~ shall be filed five (5) working days before the first day of trial.]





All trial briefs, proposed jury instructions, and ~~proposed findings of fact~~ will be submitted to Judge Bataillon's chambers and served on opposing counsel at least five (5) working days before the first day scheduled for trial.

**(J) Length of Trial.** Counsel estimate the length of trial will consume not less than 3 day(s), not more than 5 day(s), and probably about 4 day(s).

**(K) Trial Date.** Trial is set to begin May 16, 2016.

KRISTIN STIFFLER, Plaintiff

By: *s/Terry A. White*
Terry A. White #18282
Carlson Burnett LLP
17525 Arbor Street
Omaha, NE 68130
Telephone: (402) 682-8006
Facsimile: (402) 934-5920
terry@carlsonburnett.com

4/15/16

FIDELITY NATIONAL MANAGEMENT SERVICES, LLC, Defendant

By: *s/Gillian G. O'Hara*
Gillian G. O'Hara #22414
Robert M. Slovek #17798
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
gigi.ohara@kutakrock.com
robert.slovek@kutakrock.com

BY THE COURT:





IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KRISTEN STIFFLER,

Plaintiff,

v.

FIDELITY NATIONAL MANAGEMENT SERVICES, LLC,

Defendant.

Case No. 8:14-cv-231

**EXHIBIT LIST**

| EXH. NO. | | DESCRIPTION | OFFER | OBJ | REC 'D | NOT REC'D | DATE |
|---|---|---|---|---|---|---|---|
| PL | DEF | | | | | | |
| 1 | | Fidelity Application for Employment (Dep. Ex. 1) | | | ✓ | | |
| 2 | | Kelleher Emails to Fidelity regarding Stiffler references (FNMS-KS 000017 & 19) | | H, R | | | |
| 3 | | Fidelity Letter 10/21/2009 Olsen to Prybella (PL000001) | | | ✓ | | |
| 4 | | Fidelity Company-Initiated Termination (Dep. Ex. 7) | | | ✓ | | |
| 5 | | Fidelity Handbook Signed Acknowledgment (Dep. Ex. 2) | | | ✓ | | |
| 6 | | Fidelity Business Code Signed Acknowledgment (Dep. Ex. 3) | | | ✓ | | |
| 7 | | Fidelity Employee Handbook (FNMS-KS 002587-2652) [*NOTE: The last page of this exhibit is FNMS-KS 002654, not 2652. No objection if document ends at 2654.*] | | | ✓ | | |
| 8 | | Stiffler Earnings Statement (Dep. Ex. 9) | | | ✓ | | |
| 9 | | Thurber Email dated 9/6/2011 regarding TPC contest (PL000002-3) | | R | | | |
| 10 | | Morris Email dated 2/22/2012 regarding appreciation (PL000004) | | H, R | | | |
| 11 | | Stiffler Performance Evaluation 3/31/2011 (FNMS-KS 000037-39) | | | ✓ | | |





| EXH. NO. PL | DEF | DESCRIPTION | OFFER | OBJ | REC 'D | NOT REC'D | DATE |
|---|---|---|---|---|---|---|---|
| 12 | | Inactivity Report Since 2/19/2013 (PL000047-51) | | R | | | |
| 13 | | Inactivity Reports Since 3/19/2013 (PL000052-72) | | R | | | |
| 14 | | Stiffler Analysis of Claims for 2011 (PL000111) | | H, R, O* | | | |
| 15 | | Stiffler Analysis of Claims for 1/2012 – 10/19/2012 (PL000082-91) | | H, R, O* | | | |
| 16 | | Stiffler Analysis of Claims for 2/2013 – 4/19/2013 (PL000076-81) [*NOTE: The beginning Bates No. of this Exhibit should be PL000078, not 76.*] | | H, R, O* | | | |
| 17 | | Claims Caseload Report 4/1/2010 – 04/25/2013 (PL000092-101) | | R | | | |
| 18 | | Claims Caseload Report 6/1/2012 – 4/25/2013 (PL000102-108) | | R | | | |
| 19 | | Claims Caseload Report 3/21/2013 – 4/19/2013 (PL000109) | | R | | | |
| 20 | | Claims Report 4/19/2013 (PL000110) | | R | | | |
| 21 | | Stiffler Individual v. Team Performance 2/2013 (PL000042-43) (Dep. Ex. 82) | | R | | | |
| 22 | | Stiffler Individual v. Team Performance 3-4/2013 (PL000044-46) (Dep. Ex. 81) | | R | | | |
| 23 | | Email Chain 2/8-15/2011 btw Campbell & Stiffler re Coverage 388208 (FNMS-KS 003012-3016) (w/ substituted pages)) | | | ✓ | | |
| 24 | | Email Chain 2 2/8-15/2011 btw Campbell & Stiffler re Coverage 287006 (FNMS-KS 003017-3021 (w/ substituted pages)) | | | ✓ | | |
| 25 | | Email Chain 1/25-28/2011 btw Campbell & Stiffler re Coverage 389330 (FNMS-KS 002988-2991A (w/ substituted pages)) [*NOTE: This Exhibit is between Mr. Thurber, not Ms. Campbell, and Stiffler. No objection if the name is changed on witness list to Thurber.*] | | | ✓ | | |






4831-9873-3611.4



| EXH. NO. | | DESCRIPTION | OFFER | OBJ | REC 'D | NOT REC'D | DATE |
|---|---|---|---|---|---|---|---|
| PL | DEF | | | | | | |
| 26 | | KVC Email 2/28/2013 to Supervisees, including Stiffler re a few things (FNMS-KS 002677-78) | | | ✓ | | |
| 27 | | Email Chain 3/7/2013 btw Hash & Stiffler re 450826 (FNMS-KS 003391-397) (w/ substituted pages) [*NOTE: There are no substituted pages; the attachment is not a redlined document. No objection if "(w/ substituted pages)" is omitted.*] | | | ✓ | | |
| 28 | | Email Chain 2/26/2013 – 3/8/2013 btw Sefick & Stiffler re 454051 (FNMS-KS 002857-61; 002845-88) [*NOTE: The end of the second bates range in this Exhibit is FNMS-KS 002848, not 2888. No objection if document ends at FNMS-KS 2848.*] | | | ✓ | | |
| 29 | | Email Chain 3/6/2013 – 3/11/2013 btw Sefick & Stiffler re 450826 (FNMS-KS 003393-94 & 002955-56) | | [illegible] | ✓ | | |
| 30 | | Email Chain 4/8-10/2013 btw Hash & Stiffler re 455826 (FNMS-KS 002963-66) (w/substituted pages)) | | | ✓ | | |
| 31 | | Email Chain 4/11-16/2013 btw Hash & Stiffler re 453841 (FNMS-KS 002967 - 70 (w/substituted pages)) | | | ✓ | | |
| 32 | | Email Chain 4/18-23/2013 btw Sefick & Stiffler re 453797 & 456715 (FNMS-KS 002864-871) | | | ✓ | | |
| 33 | | KVC Email 3/13/2012 to Payroll re Stiffler working from home (FNMS-KS 000045) | | | ✓ | | |
| 34 | | Name Change of Stiffler (FNMS-KS 000049-50) | | R | | | |
| 35 | | Fidelity Approval of Stiffler Pregnancy Leave 8/5/2012 (FNMS-KS 000073-74) | | R | | | |
| 36 | | Change to Fidelity Approval of Stiffler Pregnancy (FNMS-KS 000079-81) | | R | | | |
| 37 | | Stiffler Coverage Letter 3/6/2013 (O'Neil) (PL000010-13) | | R, O ** | | | |










| EXH. NO. PL | DEF | DESCRIPTION | OFFER | OBJ | REC'D | NOT REC'D | DATE |
|---|---|---|---|---|---|---|---|
| 38 | | Stiffler Coverage Letter 3/14/2013 (Erickson) (PL000014-18) | | R, O** | | | |
| 39 | | Stiffler Coverage Letter 3/14/2013 (Calabrese) (PL000019-30) | | R, O** | | | |
| 40 | | KVC Email 3/25/2013 to Stiffler imposing 30-day performance plan (FNMS-KS 000029) | | | ✓ | | |
| 41 | | Stiffler Email 4/24/2013 to KVC re Performance Plan (FNMS-KS 000027) | | | ✓ | | |
| 42 | | Fidelity Employee Separation Checklist (Dep Ex 8) | | | ✓ | | |
| 43 | | Fidelity Termination of Benefits — 2013 (PL000007-9) | | R | | | |
| 44 | | NDOL Unemployment Determination & Work Log (FNMS-KS 002410-13) | | H, R, F | | | |
| 45 | | NDOL Payments (FNMS-KS 00002397-98) (Dep Ex 84) | | | ✓ | | |
| 46 | | Koukol & Johnson Employment & Compensation (FNMS-KS 002658-61) | | | ✓ | | |
| 47 | | Stiffler Resume (FNMS-KS 000018 & 22721-23) [*NOTE: The second bates range in this Exhibit begins at 2721, not 22721. No objection if second bates range begins at FNMS-KS 2721.*] | | | ✓ | | |
| 48 | | Stiffler Employment — Senator Riepe (FNMS-KS 002715) | | | ✓ | | |
| 49 | | Any document produced by and designated by Defendant ~~(FNMS-KS 002712-61)~~* [*NOTE: Unclear bates number reference.*] | | ~~H, R, F~~ ~~O*~~ | ✓ | | |
| 50 | | | | | | | |
| | 101 | Fidelity Application for Employment (Stiffler Dep. Ex. 1) (FNMS-KS 000011-000016) ***[Duplicative of Plaintiff's Exhibit No. 1]*** | | | ✓ | | |
| | 102 | Employee Handbook Acknowledgment and Agreement (Stiffler Dep. Ex. 2) (FNMS-KS 000023) ***[Duplicative of Plaintiff's Exhibit No. 5]*** | | | ✓ | | |
| | 103 | Fidelity's Equal Employment Opportunity Policy (FNMS-KS | | | ✓ | | |

** O- Incomplete





88

| EXH. NO. PL | DEF | DESCRIPTION | OFFER | OBJ | REC'D | NOT REC'D | DATE |
|---|---|---|---|---|---|---|---|
| | | 002595) | | | | | |
| | 104 | Fidelity's Employment "At-Will" Policy (Stiffler Dep. Ex. 4) (FNMS-KS 002597) | | | ✓ | | |
| | 105 | Fidelity's Workplace Rules (Stiffler Dep. Ex. 5) (FNMS-KS 002632-002633) | | | ✓ | | |
| | 106 | Fidelity's Harassment and Discrimination Policy (Stiffler Dep. Ex. 6) (FNMS-KS 002633-002635) | | | ✓ | | |
| | 107 | Company-Initiated Termination Form regarding Plaintiff's termination (Stiffler Dep. Ex. 7) (PL000006) ***[Duplicative of Plaintiff's Exhibit No. 4]*** | | | ✓ | | |
| | 108 | Employee Separation Checklist related to Plaintiff's termination (Stiffler Dep. Ex. 8) (PL000005) ***[Duplicative of Plaintiff's Exhibit No. 42]*** | | | ✓ | | |
| | 109 | Fidelity's Employment Separation Policy (FNMS-KS 002648) | | | ✓ | | |
| | 110 | Progress Note from Dr. Elisabeth Backer, dated February 2, 2011 (FNMS-KS 002473) | | | ✓ | | |
| | 111 | Email string from Tabitha Campbell to Plaintiff dated February 1, 2011 (Stiffler Dep. Ex. 11) (FNMS-KS 002993) | | | ✓ | | |
| | 112 | Email string from Kayla VanCannon to Plaintiff dated October 12, 2012 (FNMS-KS 003258-003259) (Stiffler Dep. Ex. 12) with attachment added (FNMS-KS 003260-003260A) | | O *[As to attachments produced after close of discovery]* | *** | | |
| | 113 | Email string from Daniel MacMillan to Plaintiff dated October 12, 2012 (Stiffler Dep. Ex. 13) (FNMS-KS 003257) | | | ✓ | | |
| | 114 | Email string from Kayla VanCannon to Plaintiff dated October 15, 2012 (FNMS-KS 003262-003263) (Stiffler | | O *[As to attachments* | | | |

*** As to all O objections by PL - the documents may be allowed if PL given opportunity to depose additional personnel before trial at defendant's expense to include atty fees for one of Plaintiff's attorneys - depositions limited to additional [illegible] on letter. Defendant may withdraw exhibits by April 20 to avoid depositions. [illegible] FAW

| EXH. NO. PL | DEF | DESCRIPTION | OFFER | OBJ | REC'D | NOT REC'D | DATE |
|---|---|---|---|---|---|---|---|
| | | Dep. Ex. 14) with attachment added (FNMS-KS 003264-003264A) | | *produced after close of discovery]* | | | |
| | 115 | Email string from Kayla VanCannon to Plaintiff dated October 15, 2012 (FNMS-KS 003265-003266) (Stiffler Dep. Ex. 15) with attachment added (FNMS-KS 003267-003268) | | O *[As to attachments produced after close of discovery]* | | | |
| | 116 | Email string from Dan MacMillan to Plaintiff dated October 16, 2012 (FNMS-KS 003269) (Stiffler Dep. Ex. 16) with attachment added (FNMS-KS 003270-003271) | | O *[As to attachments produced after close of discovery]* | | | |
| | 117 | Email string from Melinda Schroeder-Hash to Plaintiff dated February 7, 2013 (FNMS-KS 002882) (Stiffler Dep. Ex. 17) with attachment added (FNMS-KS 002883-002884A) | | O *[As to attachments produced after close of discovery]* | | | |
| | 118 | Plaintiff's Responses and Objections to Defendant's First Request for Production of Documents, dated March 16, 2015, Pages 1, 5 | | | ✓ | | |
| | 119 | Plaintiff's Amended and Supplemental Responses and Objections to Defendant's First Request for Production of Documents, dated May 7, 2015, Pages 1, 6 | | | ✓ | | |
| | 120 | Email string from Melinda Schroeder-Hash to Plaintiff dated February 26, 2013 (FNMS-KS 002896) (Stiffler Dep. Ex. 20) with attachment added (FNMS-KS 002897-002898) | | O *[As to attachments produced after close of discovery]* | | | |
| | 121 | Email string from Sydney Sefick to Plaintiff dated February 26, 2013 (FNMS-KS 002845-002846) (Stiffler Dep. Ex. 21) with attachment added | | O *[As to attachments produced* | | | |

| EXH. NO. PL | DEF | DESCRIPTION | OFFER | OBJ | REC 'D | NOT REC'D | DATE |
|---|---|---|---|---|---|---|---|
| | | (FNMS-KS 002847-002848) | | *after close of discovery]* | | | |
| | 122 | Email string from Melinda Schroeder-Hash to Plaintiff dated February 27, 2013 (FNMS-KS 002900) (Stiffler Dep. Ex. 22) with attachment added (FNMS-KS 002901-002902A) | | O *[As to attachments produced after close of discovery]* | | | |
| | 123 | Email string from Plaintiff to Melinda Schroeder-Hash dated February 27, 2013 (Stiffler Dep. Ex. 23) (FNMS-KS 002681) | | | ✓ | | |
| | 124 | Email string from Melinda Schroeder-Hash to Plaintiff dated February 28, 2013 (Stiffler Dep. Ex. 24) (FNMS-KS 003558) | | | ✓ | | |
| | 125 | Email string from Melinda Schroeder-Hash to Plaintiff dated March 1, 2013 (FNMS-KS 002904-002905) (Stiffler Dep. Ex. 25) with attachment added (FNMS-KS 002906-002907A) | | O *[As to attachments produced after close of discovery]* | | | |
| | 126 | Email string from Melinda Schroeder-Hash to Plaintiff dated March 5, 2013 (FNMS-KS 002908) (Stiffler Dep. Ex. 26) with attachment added (FNMS-KS 002909-002910A) | | O *[As to attachments produced after close of discovery]* | | | |
| | 127 | Email string from Melinda Schroeder-Hash to Plaintiff dated March 6, 2013 (FNMS-KS 002911) (Stiffler Dep. Ex. 27) with attachment added (FNMS-KS 002912-002913) | | O *[As to attachments produced after close of discovery]* | | | |
| | 128 | Email string from Sydney Sefick to Plaintiff dated March 8, 2013 (FNMS-KS 002857-002858) (Stiffler Dep. Ex. 28) with attachment added (FNMS-KS 002859-002861) | | O *[As to attachments produced after close of* | | | |



XM 88

| EXH. NO. PL | DEF | DESCRIPTION | OFFER | OBJ | REC 'D | NOT REC'D | DATE |
|---|---|---|---|---|---|---|---|
| | | | | *discovery]* | | | |
| | 129 | Email string from Melinda Schroeder-Hash to Plaintiff dated March 8, 2013 (FNMS-KS 002919) (Stiffler Dep. Ex. 29) with attachment added (FNMS-KS 002920-002921) | | O *[As to attachments produced after close of discovery]* | | | |
| | 130 | Email string from Melinda Schroeder-Hash to Plaintiff dated March 11, 2013 (FNMS-KS 002922-002923) (Stiffler Dep. Ex. 30) with attachment added (FNMS-KS 002924-002926) | | O *[As to attachments produced after close of discovery]* | | | |
| | 131 | Email string from Melinda Schroeder-Hash to Plaintiff dated March 11, 2013 (Stiffler Dep. Ex. 31) (FNMS-KS 002931) | | | ✓ | | |
| | 132 | Email string from Melinda Schroeder-Hash to Plaintiff dated March 11, 2013 (FNMS-KS 002932-002933) (Stiffler Dep. Ex. 32) with attachment added (FNMS-KS 002934-002936) | | O *[As to attachments produced after close of discovery]* | | | |
| | 133 | Email string from Melinda Schroeder-Hash to Plaintiff dated March 14, 2013 (FNMS-KS 002937-002938) (Stiffler Dep. Ex. 33) with attachment added (FNMS-KS 002939-002940) | | O *[As to attachments produced after close of discovery]* | | | |
| | 134 | Email string from Melinda Schroeder-Hash to Plaintiff dated March 14, 2013 (FNMS-KS 002941-002942) (Stiffler Dep. Ex. 34) with attachment added (FNMS-KS 002943-002944A) | | O*[As to attachments produced after close of discovery]* | | | |
| | 135 | Email string from Melinda Schroeder-Hash to Plaintiff dated March 18, 2013 (FNMS-KS 002945-002946) (Stiffler Dep. Ex. 35) with attachment added (FNMS-KS 002947-002948) | | O *[As to attachments produced after close of* | | | |

| EXH. NO. PL | DEF | DESCRIPTION | OFFER | OBJ | REC'D | NOT REC'D | DATE |
|---|---|---|---|---|---|---|---|
| | | | | *discovery]* | | | |
| | 136 | Email from Plaintiff to Melinda Schroeder-Hash dated March 19, 2013 (Stiffler Dep. Ex. 36) (FNMS-KS 002683) | | | ✓ | | |
| | 137 | Email string from Melinda Schroeder-Hash to Plaintiff dated March 20, 2013 (FNMS-KS 002949-002950) (Stiffler Dep. Ex. 37) with attachment added (FNMS-KS 002951-002952) | | O *[As to attachments produced after close of discovery]* | | | |
| | 138 | Email string from Melinda Schroeder-Hash to Plaintiff dated March 20, 2013 (FNMS-KS 002953-002954) (Stiffler Dep. Ex. 38) with attachment added (FNMS-KS 002955-002956) | | O *[As to attachments produced after close of discovery]* | | | |
| | 139 | Email string from Melinda Schroeder-Hash to Plaintiff dated April 10, 2013 (FNMS-KS 002963-002964) (Stiffler Dep. Ex. 39) with attachment added (FNMS-KS 002965-002966) ***[Duplicative of Plaintiff's Exhibit No. 30]*** | | O *[As to attachments produced after close of discovery]* | | | |
| | 140 | Email string from Melinda Schroeder-Hash to Plaintiff dated April 16, 2013 (FNMS-KS 002967-002968) (Stiffler Dep. Ex. 40) with attachment added (FNMS-KS 002969-002970) ***[Duplicative of Plaintiff's Exhibit No. 31]*** | | O *[As to attachments produced after close of discovery]* | | | |
| | 141 | Email from Sydney Sefick to Plaintiff dated April 19, 2013 (Stiffler Dep. Ex. 41) (FNMS-KS 002684) | | | ✓ | | |
| | 142 | Email string from Melinda Schroeder-Hash to Plaintiff dated April 22, 2013 (FNMS-KS 002974-002975) (Stiffler Dep. Ex. 42) with attachment added (FNMS-KS 002976-002977) | | O *[As to attachments produced after close of discovery]* | | | |

| EXH. NO. PL | DEF | DESCRIPTION | OFFER | OBJ | REC 'D | NOT REC'D | DATE |
|---|---|---|---|---|---|---|---|
| | 143 | Email string from Sydney Sefick to Plaintiff dated April 22, 2013 (Stiffler Dep. Ex. 43) (FNMS-KS 002685-002686) | | | ✓ | | |
| | 144 | Email string from Sydney Sefick to Plaintiff dated April 23, 2013 (Stiffler Dep. Ex. 44) (FNMS-KS 002687-002688) | | | ✓ | | |
| | 145 | Email string from Sydney Sefick to Plaintiff dated April 23, 2013 (Stiffler Dep. Ex. 45) (FNMS-KS 002866-002867) | | | ✓ | | |
| | 146 | Email string from Sydney Sefick to Plaintiff dated April 29, 2013 (Stiffler Dep. Ex. 46) (FNMS-KS 002689-002690) | | | ✓ | | |
| | 147 | Email from Kayla VanCannon to Plaintiff dated February 28, 2013 (Stiffler Dep. Ex. 47) (FNMS-KS 002677-002678) ***[Duplicative of Plaintiff's Exhibit No. 26]*** | | | ✓ | | |
| | 148 | Email from Kayla VanCannon to Suni Snyder dated March 21, 2013 (Stiffler Dep. Ex. 48) (FNMS-KS 000036) | | | ✓ | | |
| | 149 | Email from Kayla VanCannon to Sydney Sefick and Melinda Schroeder-Hash dated March 21, 2013 (Stiffler Dep. Ex. 49) (FNMS-KS 002691) | | | ✓ | | |
| | 150 | Plaintiff's Complaint filed in the above-captioned matter on August 8, 2014 | | | ✓ | | |
| | 151 | Email from Kayla VanCannon to Sydney Sefick dated March 25, 2013 (Stiffler Dep. Ex. 51) (FNMS-KS 003410) | | | ✓ | | |
| | 152 | Email string from Plaintiff to Kayla VanCannon dated March 25, 2013 (Stiffler Dep. Ex. 52) (FNMS-KS 003411-003412) | | | ✓ | | |
| | 153 | Email from Kayla VanCannon to Plaintiff dated March 25, 2013 | | | ✓ | | |

| EXH. NO. PL | DEF | DESCRIPTION | OFFER | OBJ | REC'D | NOT REC'D | DATE |
|---|---|---|---|---|---|---|---|
| | | (Stiffler Dep. Ex. 53) (PL000073-000074) | | | ✓ | | |
| | 154 | Fidelity Confidentiality Agreement dated October 26, 2009 (Stiffler Dep. Ex. 54) (FNMS-KS 000024) | | | ✓ | | |
| | 155 | Email string from Plaintiff to Kayla VanCannon dated April 24, 2013 (Stiffler Dep. Ex. 55) (FNMS-KS 003450-003452) | | | ✓ | | |
| | 156 | Email from Plaintiff to Kayla VanCannon dated April 24, 2013 (Stiffler Dep. Ex. 56) (PL000075-000076) | | | ✓ | | |
| | 157 | Email string from Kayla VanCannon to Plaintiff dated April 25, 2013 (Stiffler Dep. Ex. 57) (FNMS-KS 002692-002694) | | | ✓ | | |
| | 158 | Various emails related to coverage letters submitted by Plaintiff that were not approved (Stiffler Dep. Ex. 58) (FNMS-KS 002749-002751, 002982-002984, 002994-002995, 003000-003005, 003008-003009, 003022-003023, 002768-002770, 003031-003032, 003040-003041, 003058-003059, 003063-003070, 003086-003087, 003117-003124, 003133-003134) | | | ✓ | | |
| | 159 | Various emails related to coverage letters submitted by Plaintiff that were approved as revised (FNMS-KS 002988-002989, 003012-003013, 003006-003007, 003017-003019, 002771-002774, 002777-002778, 003035-003037, 002783-002784, 003042-003043, 003046-003047, 002796-002797, 003053-003054, 002808-002809, 002814-002815, 003073-003074, 003077-003078, 003082-003083, 002818-002819, 003105-003106, 002833-002834) (Stiffler Dep. Ex. 59) with attachments added (FNMS-KS 002990-002991A, | | *O [As to attachments produced after close of discovery]* | | | |





ton 88

| EXH. NO. | | DESCRIPTION | OFFER | OBJ | REC 'D | NOT REC'D | DATE |
|---|---|---|---|---|---|---|---|
| PL | DEF | | | | | | |
| | | 003014-003016, 003020-003021, 002775-002776, 002779-002780, 003038-003039, 002785-002787, 003044-003045, 003048-003050, 002798-002799, 003055-003057, 002810-002811, 002816-002817, 003075-003076, 003079-003081, 003084-003085, 002820-002821, 002835-002836) | | | ✓ | | |
| | 160 | Employee Separation Documents, Christopher Hinton (FNMS-KS 004407-4409) | | ~~*O [As to documents produced after close of discovery]*~~ W/D | ✓ | | |
| | 161 | Employee Separation Documents, Joseph Engles (FNMS-KS 004410-4411) | | *O [As to attachments produced after close of discovery]* W/D | ✓ | | |
| | 162 | Employee Separation Documents, Ashley Strader (FNMS-KS 004412-4413) | | *O [As to documents produced after close of discovery]* W/D | ✓ | | |
| | 163 | Email string from Melinda Schroeder-Hash to Plaintiff dated March 6, 2013 (Stiffler Dep. Ex. 63) (FNMS-KS 003551-003553) | | | ✓ | | |
| | 164 | Email string from Melinda Schroeder-Hash to Plaintiff dated March 14, 2013 (Stiffler Dep. Ex. 64) (FNMS-KS 003559-003563) | | | ✓ | | |
| | 165 | Email string from Melinda Schroeder-Hash to Plaintiff dated April 22, 2013 (Stiffler Dep. Ex. 65) (FNMS-KS 003554-003557) | | | ✓ | | |
| | 166 | Email string from Melinda Schroeder-Hash to Plaintiff dated October 16, 2012 (Stiffler Dep. Ex. 66) (FNMS-KS 003272-003273) | | | ✓ | | |

| EXH. NO. PL | DEF | DESCRIPTION | OFFER | OBJ | REC'D | NOT REC'D | DATE |
|---|---|---|---|---|---|---|---|
| | 167 | Email string from Kayla VanCannon to Plaintiff dated October 17, 2012 (Stiffler Dep. Ex. 67) (FNMS-KS 003274-003275) | | | ✓ | | |
| | 168 | Email string from Plaintiff to Kayla VanCannon dated October 24, 2012 (Stiffler Dep. Ex. 68) (FNMS-KS 003276-003277) | | | ✓ | | |
| | 169 | Email string from Kayla VanCannon to Plaintiff dated October 26, 2012 (Stiffler Dep. Ex. 69) (FNMS-KS 003278-003279) | | | ✓ | | |
| | 170 | Email string from Plaintiff to Kayla VanCannon dated December 10, 2012 (Stiffler Dep. Ex. 70) (FNMS-KS 003281-003282) | | | ✓ | | |
| | 171 | Email string from Kayla VanCannon to Plaintiff dated December 11, 2012 (Stiffler Dep. Ex. 71) (FNMS-KS 003283-003284) | | | ✓ | | |
| | 172 | Email string from Plaintiff to Kayla VanCannon dated December 12, 2012 (Stiffler Dep. Ex. 72) (FNMS-KS 003285-003286) | | | ✓ | | |
| | 173 | Email string from Kayla VanCannon to Plaintiff dated December 13, 2012 (Stiffler Dep. Ex. 73) (FNMS-KS 003288) | | | ✓ | | |
| | 174 | Employee Separation Documents, Micaela Brandt (FNMS-KS 004414-4415) | | *O [As to documents produced after close of discovery]* W/D | ✓ | | |
| | 175 | QA Status Reports as of 02/20/2015 (FNMS-KS 002742-48) | | | ✓ | | |
| | 176 | EXHIBIT NUMBER INTENTIONALLY LEFT BLANK | | | | | |
| | 177 | EXHIBIT NUMBER INTENTIONALLY LEFT BLANK | | | | | |
| | 178 | EXHIBIT NUMBER INTENTIONALLY LEFT BLANK | | | | | |





taw

| EXH. NO. PL | DEF | DESCRIPTION | OFFER | OBJ | REC 'D | NOT REC'D | DATE |
|---|---|---|---|---|---|---|---|
| | 179 | EXHIBIT NUMBER INTENTIONALLY LEFT BLANK | | | | | |
| | 180 | EXHIBIT NUMBER INTENTIONALLY LEFT BLANK | | | | | |
| | 181 | EXHIBIT NUMBER INTENTIONALLY LEFT BLANK | | | | | |
| | 182 | EXHIBIT NUMBER INTENTIONALLY LEFT BLANK | | | | | |
| | 183 | EXHIBIT NUMBER INTENTIONALLY LEFT BLANK | | | | | |
| | 184 | EXHIBIT NUMBER INTENTIONALLY LEFT BLANK | | | | | |
| | 185 | EXHIBIT NUMBER INTENTIONALLY LEFT BLANK | | | | | |
| | 186 | EXHIBIT NUMBER INTENTIONALLY LEFT BLANK | | | | | |
| | 187 | Fidelity 2012 Annual Enrollment Benefits Election/Change Form (Stiffler Dep. Ex. 87) (FNMS-KS 000066-000068) | | | ✓ | | |
| | 188 | Progress Note from Family Health and Wellness, PC dated October 24, 2006 (Stiffler Dep. Ex. 88) (FNMS-KS 002560-002561) | | | ✓ | | |
| | 189 | Progress Note from Family Health and Wellness, PC dated January 23, 2007 (Stiffler Dep. Ex. 89) (FNMS-KS 002557-002558) | | | ✓ | | |
| | 190 | Progress Note from Family Health and Wellness, PC dated July 2, 2007 (Stiffler Dep. Ex. 90) (FNMS-KS 002555-002556) | | | ✓ | | |
| | 191 | EXHIBIT NUMBER INTENTIONALLY LEFT BLANK | | | | | |
| | 192 | NEOC Commission Determination, dated May 13, 2014 (Stiffler Dep. Ex. 92) | | R, H, F, O -403 | | | |
| | 193 | Any exhibit identified on Plaintiff's Exhibit List | | ~~F, O~~ W/D | | | |

**OBJECTIONS:**



4831-9873-3611.4

R: Relevancy
H: Hearsay
A: Authenticity
O: Other (specify)