IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KRISTEN STIFFLER, an individual;

Plaintiff,

vs.

FIDELITY NATIONAL MANAGEMENT SERVICES, LLC,

Defendant.

8:14CV231

ORDER

This matter is before the court on defendant Fidelity National Management Services, LLC's ("Fidelity's") motion in limine, Filing No. 59.

I. BACKGROUND

This is an action for discrimination in employment by reason of gender and pregnancy brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended ("Title VII"). The action is set for trial on May 16, 2016. Fidelity seeks an order prohibiting any testimony, evidence, documents, records, or argument on the following: 1) evidence of alleged e-mails sent after plaintiff's termination regarding pregnant employees; 2) evidence that Fidelity asks or asked female applicants if they are or were pregnant during the interview process; 3) evidence that David Saag made an alleged comment to the Plaintiff regarding an opportunity to join a special projects team in Clearance due to the flexibility it would allow her during pregnancy; 4) evidence related to an email, dated February 22, 2012, sent from Edward J. Morris, using an aol.com address, to the plaintiff at her personal google.com account; 5) evidence related to the plaintiff's opinion of her own performance, her opinion that changes to her coverage letters were "stylistic" changes and not substantive revisions,

and her opinion that a former manager agreed with her analysis or decision-making in claims letters; 6) evidence relating to former employees Gail Jones's, Kristine Kohlmeier's, and Candi Chadwick's reasons for their separation from Fidelity, because they are improper comparators; 7) evidence or colloquy that Fidelity has a "habit or practice" of wrongfully discharging pregnant employees or has been or is involved in other lawsuits, charges, investigations or claims; 8) testimony regarding Fidelity's financial condition; 9) testimony, argument, or colloquy regarding any purported witness that Fidelity "could have called" but did not, or regarding the size and number of attorneys or offices of Kutak Rock LLP, or the number of counsel present at trial; 10) testimony on questions of law and legal conclusions; 11) testimony, argument, or colloquy using the terms "discriminate(s)," "discriminated," "discrimination," "pretext," "animus," or any similar inflammatory or conclusory terms as legal conclusions that invade the provenance of the jury and as highly prejudicial to Fidelity; and 12) evidence that is the domain of an expert, such as opinions on medical diagnoses of physical or mental conditions, specifically, related to a diagnosis of depression, or opinions on violations of policies, procedures or best practices by Fidelity.

## II. DISCUSSION

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for

"evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissable for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.* To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996).

The court is unable to evaluate the relevance of much of the challenged evidence in the context of a pretrial motion. The court finds generally that the evidence of e-mails sent after plaintiff's termination, Fidelity's questions of female applicants, comments of other opportunities affording flexibility, the plaintiff's opinions, and Fidelity's treatment of other employees appears to be relevant to issues of motive, intent and pretext and is admissible, subject to a showing of proper foundation. The motion in limine will be denied with respect to those matters.

Evidence regarding how witnesses "feel" about Fidelity and whether it has discharged other employees may be admissible as background information, but the court cannot determine the relevance of that evidence at this time. The motion will be denied without prejudice to reassertion via a timely objection at trial.

The plaintiff asserts it does not intend to offer evidence that Fidelity has defended other lawsuits nor will it comment on or argue about the size of the law firm. The motion will be denied as moot with respect to those items.

The plaintiff concedes it has not designated an expert in this case and states it does not intend to offer expert opinions or medical diagnoses. The court finds however,

that plaintiff's lay testimony about her own health or physical condition, or other witnesses' testimony as to their personal observations is admissible and will be permitted, subject to showing proper foundation  The motion in limine to preclude such evidence will be denied.

The defendant's motion with respect to hearsay evidence is more in the nature of an objection to be made at trial.  The court cannot evaluate the objection at this juncture.  Accordingly the motion as it relates to hearsay objections will be denied without prejudice to reassertion.  Similarly the court cannot evaluate the need, if any, for a "missing witness" instruction at this time.

Also, the defendant's financial condition is relevant to the issue of punitive damages, but the court cannot evaluate at this time whether the plaintiff will produce evidence of conduct that rises to the level that would justify a punitive damages award. The defendant's motion to prohibit testimony, evidence or argument on the defendant's financial condition will be granted at this time subject to reassertion on a showing of malicious or reckless disregard for the plaintiff's rights.

The court rejects the defendant's argument that reference to the terms "discrimination," "pretext" and "animus" should be prohibited as unfairly prejudicial, conclusory and inflammatory.  Those terms go to the ultimate issue in this case and will be referred to in the court's instructions to the jury.  Let it suffice to say that evidence that calls for a legal conclusion or invades the province of the jury will not be allowed.

The court will admit any evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403.  The

court finds any other aspects of the motion can be adequately resolved at trial, either in a hearing immediately prior to commencement of the trial, as an objection with a sidebar, or with a review of the evidence outside the presence of the jury.  The defendant's concerns may warrant a cautionary or limiting instruction, but the court cannot determine the ambit of such an instruction at this time.  Accordingly,

IT IS ORDERED:

1. Defendant's motion in limine is granted in part and denied in part, without prejudice to reassertion, as set forth above.

DATED this 10th day of May, 2016.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge